DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Donald D. Willis, | ) | |
| | ) | CASE NO. 5:10 CV 1494 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Chase Home Finance, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff *pro se* Donald D. Willis filed this action pursuant to 28 U.S.C. § 1343(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1332. Plaintiff alleges three claims: 1) housing fraud and deception; 2) illegal foreclosure; and 3) defendant's failure to adhere to a loan modification plan after plaintiff filed bankruptcy. The relief sought by plaintiff is to stop all foreclosure actions and require defendant to honor the loan modification agreement regarding a property located in Fort Worth Texas, and $200,000 for physical and mental stress.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

(5:10 CV 1494)

First, it is unclear from plaintiff's complaint whether this case is properly brought in this district. Plaintiff is located in Texas. The only information provided by plaintiff regarding defendant Chase Home Finance is an address for "proper service,"[1] which the complaint asserts is located in San Diego, California. Based on the information in the complaint, it is questionable as to whether plaintiff's complaint is properly brought in the Northern District of Ohio.

However, even if properly brought in this District, plaintiff's complaint cannot be sustained by this Court. It appears that plaintiff's allegations are based on a challenge to an existing or former foreclosure action regarding property in Fort Worth, Texas. However, under either scenario, this case must be dismissed.

A.    Younger Doctrine

In the case of a pending foreclosure action, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal

---

[1] The Court notes that plaintiff's complaint is filed on a form which purportedly is from the United States District Court, Southern District of Ohio.

(5:10 CV 1494)

court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

If the foreclosure action against plaintiff's property is still pending, all three factors supporting abstention are present.  The issues presented in the complaint are the subject of a state court civil matter, which are of paramount state interest.  *See Younger*, 401 U.S. at 44-45.  Furthermore, plaintiff has the opportunity to raise any defects in his civil case in the state court.  Consequently, this Court is required to abstain from intervening in the state court proceedings.

B.      Rooker-Feldman Doctrine

In the case of a completed foreclosure action, this Court cannot grant the relief requested by plaintiff because United States District Courts do not have jurisdiction over challenges to state court decisions.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.*  Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights.  *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis.  First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim

3

(5:10 CV 1494)

asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

In the present action, plaintiff apparently questions a state court's decision regarding a foreclosure action. Any review of plaintiff's claims in this context would require the Court to review the specific issues addressed in the state court proceedings against him. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

C.     Res Judicata

Further in the case of a completed foreclosure action, plaintiff seeks to litigate matters which were raised or which should have been raised in the state court foreclosure and eviction proceedings, a federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312

(5:10 CV 1494)

F.3d 736, 744 (6th Cir. 2002).  The preclusive effect of the previous state court judgments are therefore governed by Ohio law on preclusion.  *Id.*   Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. City of Springdale*, 53 Ohio St. 3d 60, 62 (1990).  The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id.*  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Therefore, this Court is bound to give full faith and credit to any state court judgment regarding foreclosure of the Fort Worth, Texas property.

D. Conclusion

Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. (ECF 2). However, this action is dismissed pursuant to 28 U.S.C. § 1915(e) for the reasons contained herein. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| _August 30, 2010_ | *s/ David D. Dowd, Jr.* |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |